Jack Garyth Poulson, Esq.
Attorney for Plaintiff
POULSON LAW, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529
jack@poulson.law

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA
# AT ANCHORAGE

| | |
|---|---|
| ROBERT TOLSON, | Case No. 3:24-CV-00117-JMK |
| Plaintiff, | In Admiralty |
| v. | |
| BRISTOL BAY FUELS, LLC, BRISTOL ALLIANCE FUELS, LLC, and the *M/V MILLIE*, O.N. 1231824, her engines, winches, gear, and appurtenances *in rem*, | SEAMAN'S COMPLAINT WITHOUT PREPAYMENT OF COSTS, 28 U.S.C. §1916 |
| Defendants. | JURY TRIAL REQUESTED |

Plaintiff Robert Tolson, through counsel Poulson & Woolford, LLC, in association with VB Attorneys, alleges against the above-named defendant as follows:

**1. Parties**

1.1    Robert Tolson is a resident of Jacksonville, Florida.

1.2    Plaintiff seeks relief under statutory and general maritime laws of the United States of America. He brings this claim for personal injuries to a seaman without prepayment of costs pursuant to 28 U.S.C. 1916.

1.3    Bristol Bay Fuels, LLC, is a company incorporated in Alaska that owns or operates the *M/V MILLIE* and employed plaintiff.

1.4    Bristol Alliance Fuels, LLC, is a company incorporated in Alaska that owns or operates the *M/V MILLIE*.

COMPLAINT
Tolson v. Bristol Bay Fuels, LLC, et al.    Page 1 of 6
Case 3:24-cv-00117-JMK   Document 1   Filed 05/31/24   Page 1 of 6

1.5 The *M/V MILLIE*, Official Number 1231824, is a triple screw towboat, and presently is, or during the pendency of this action will be, within the Federal Judicial District in which this action has been commenced.

## 2. Jurisdiction and Venue

2.1 This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1333 and 46 U.S.C. § 30104 which grant concurrent jurisdiction to federal courts over Jones Act Claims and the amount in controversy exceeds the jurisdictional threshold for this Court.

2.2 Personal jurisdiction is proper in this Court because defendants conduct business in the District of Alaska, and the actions and inactions of defendants occurred in the District of Alaska.

2.3 Venue is proper in this Court because the actions and inactions of defendants occurred in the District of Alaska.

## 3. Background

3.1 Robert Tolson sustained injuries on or about October 20, 2023, while working for defendant Bristol Bay Fuels, LLC as a member of the crew of the *M/V MILLIE*. On the day of the incident, Mr. Tolson was ordered to jump from the tugboat to a barge. Mr. Tolson was unable to complete the jump and sustained serious arm, shoulder, neck, back, leg, knee, ankle and head injuries.

3.2 Mr. Tolson sustained these severe injuries due to the negligence of defendant and the unseaworthy condition of the vessel. Despite the severity of Mr. Tolson's orthopedic injuries, Mr. Tolson was provided essentially no medical treatment other than an initial emergency room visit.

## 4. Count One - Jones Act

4.1 Defendant Bristol Bay Fuels, LLC is Mr. Tolson's Jones Act employer, and Mr. Tolson was an able-bodied seaman working on the vessel at the time of the injury. As such, Mr. Tolson is protected from the negligence of defendant by the Jones Act. Mr. Tolson's injuries were a direct result of the negligence of Bristol Bay Fuels,

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

COMPLAINT
Tolson v. Bristol Bay Fuels, LLC, et al.     Page 2 of 6

Case 3:24-cv-00117-JMK   Document 1   Filed 05/31/24   Page 2 of 6

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

LLC, who failed at each instance to observe fundamental health and safety concerns, including but not limited to, failures in the provision and implementation of regular safety policies; failure in its vessel crewing operations; failures in job planning and hazard assessment; failures in the provision of safe equipment; failing to provide a safe and seaworthy vessel, and failures in its hiring, training, and supervision of the crew and captain, including Mr. Tolson.

4.2 The negligence of Bristol Bay Fuels, LLC was a proximate cause of the occurrence in question. Defendant breached its legal duties and caused damages and injuries to Mr. Tolson. Before being injured, Mr. Tolson was an able-bodied seaman. Mr. Tolson did nothing to cause or contribute to his injuries.

4.4 Bristol Bay Fuels, LLC controlled the vessel in operation on the date of the incident and at all material times. Bristol Bay Fuels, LLC also controlled the details of the work being performed on the vessel and elsewhere by the vessel's crew and had knowledge of the incompetence of the crew. Bristol Bay Fuels, LLC had the right to control and supervise the details of the procedures, equipment, devices, instructions, methods, and manner of work at all times material. Bristol Bay Fuels, LLC did not use ordinary care when supervising and controlling the work, and the failure to use ordinary care was negligent and a proximate cause of the incident and Mr. Tolson's injuries.

4.5 Defendants were also grossly negligent and acted with malice, as that term is understood under the law, and such conduct was a proximate cause of Mr. Tolson's injuries. Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to defendant for its callous disregard and as a deterrent to others from engaging in similar conduct. Mr. Tolson asks for punitive and exemplary damages in addition to actual damages.

**5. Count Two - Unseaworthiness**

5.1 Bristol Alliance Fuels, LLC and/or Bristol Bay Fuels, LLC is believed to be the owner, owner *pro hac vice*, charterer, and/or operator of the *M/V MILLIE* and barge. Under general maritime law the owner of a vessel has a duty to provide a

COMPLAINT
Tolson v. Bristol Bay Fuels, LLC, et al.     Page 3 of 6
Case 3:24-cv-00117-JMK   Document 1   Filed 05/31/24   Page 3 of 6

seaworthy vessel. In this case defendant failed to provide a seaworthy vessel which was a proximate cause of injuries to Mr. Tolson.

5.2 Specifically, Defendants failed to provide safe means of ingress and egress to and from the vessel and barge, instead requiring employees to jump between the two. Accordingly, the vessel was not fit for its intended purpose, including the ingress and egress of the crew, so the vessel was unseaworthy as a matter of law.

## 6. Count Three - Maintenance and Cure

6.1 Mr. Tolson is a Jones Act seaman and is entitled to recover maintenance and cure while he is recovering from his injuries until he reaches maximum medical improvement. Mr. Tolson, therefore, includes in this lawsuit his legal claims for maintenance and cure, both past and future. Defendant failed to properly pay maintenance and cure. As a result of defendant's failure to provide adequate cure, Mr. Tolson suffered additional damages and, therefore, is entitled to reasonable and necessary attorney fees and costs.

6.2 Further, under the authority of the U.S. Supreme Court's decision in *Atlantic Sounding v. Townsend*, 557 U.S. 404 (2009), defendant's failure to pay maintenance and cure justifies punitive and exemplary damages.

## 7. Legal Damages

7.1 As a result of the incident, Mr. Tolson sustained pain and mental anguish and will likely sustain pain and mental anguish in the future. Mr. Tolson also suffered physical impairment and will likely be physically impaired in the future. Mr. Tolson has suffered loss of earnings, past and future. Mr. Tolson has received medical treatment and has past medical expenses. Mr. Tolson will need continued medical treatment in the future. Defendants are financially responsible for Mr. Tolson's medical treatment. The medical treatment has been reasonable and necessary both in terms of the procedures and treatments themselves and the costs associated with these treatments.

## 8. Punitive Damages

COMPLAINT
Tolson v. Bristol Bay Fuels, LLC, et al.     Page 4 of 6
Case 3:24-cv-00117-JMK   Document 1   Filed 05/31/24   Page 4 of 6

8.1 Because defendants failed to properly provide maintenance and cure, Mr. Tolson brings a cause of action for punitive damages for gross and reckless decisions, acts, and/or omissions. Additionally, defendants have been grossly negligent and punitive damages should be assessed for their gross negligence.

## 9. Maritime Lien

9.1 The foregoing allegations create *bona fide* maritime liens against the *M/V MILLIE*.

9.2 Plaintiff is entitled to perfect said liens in this proceeding by having the vessel arrested pursuant to the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims.

## 10. Pre-Judgment and Post-Judgment Interest

10.1 Mr. Tolson is entitled to pre-judgment interest in accordance with law and equity as part of his damages, along with post judgment interest to the extent allowed by law.

**WHEREFORE**, Plaintiff requests judgment against defendants in an amount exceeding the jurisdictional limit of this Court, the exact amount to be proved at trial, for the following:

1. Maintenance, cure, wages, and found;
2. General and special damages;
3. Punitive damages;
4. Prejudgment and post judgment interest;
5. Attorney fees and costs as allowed by law; and
6. Such further relief as the Court deems appropriate.

DATED this 31st day of May, 2024 at Juneau, Alaska.

          POULSON LAW, LLC
          636 Harris Street
          Juneau, Alaska 99801
          (907) 586-6529
          jack@poulson.law

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

COMPLAINT
Tolson v. Bristol Bay Fuels, LLC, et al.    Page 5 of 6
Case 3:24-cv-00117-JMK   Document 1   Filed 05/31/24   Page 5 of 6

By: /s/ *Jack Poulson*
Jack Garyth Poulson
Alaska Bar No. 8711104
Attorney for Plaintiff

VB ATTORNEYS
6363 Woodway, Suite 400
Houston, Texas 77057
713.224.7800
713.224.7801 Fax
Attorneys for Plaintiff

By: /s/ *Brian Beckcom*
Brian Beckcom
Texas Bar No. 24012268
Brian@vbattorneys.com
Brendan Fradkin
Texas Bar. No. 24097706
Brendan@vbattorneys.com

VERIFICATION

Robert Tolson, Plaintiff herein, hereby declares under penalty of perjury, that he has read the foregoing Complaint, and the factual allegations therein are true and correct to the best of his knowledge and belief.

Dated: 5-30-24

Robert Tolson

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

COMPLAINT
Tolson v. Bristol Bay Fuels, LLC, et al.   Page 6 of 6
Case 3:24-cv-00117-JMK   Document 1   Filed 05/31/24   Page 6 of 6