**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| ROBERT TOLSON,<br><br>Plaintiff,<br><br>v.<br><br>BRISTOL ALLIANCE FUELS, LLC D/B/A BRISTOL BAY FUELS, LLC, M/V MILLIE, O.N. 1231824, her engines, winches, gear, and appurtenances in rem,<br><br>Defendants. | 3:24-cv-00117-ACP-MMS<br><br>**ORDER AWARDING ATTORNEY'S FEES, STRIKING IMPROPER FILINGS, AND WARNING TOLSON**<br>[Dkts. 134, 140, 143, 145, 151, 153] |

This is the last time this Court will deal with an improper filing by Tolson.

Tolson is upset that Bristol Alliance Fuels was granted discovery into his social media after they found videos which potentially depicted him dancing and wrestling with a large dog. (*See* Dkt. 133 at 1-2) After that Tolson began a campaign of vexatious litigation which led Magistrate Judge Scoble to find that Tolson "abused the District of Alaska's process out of sheer discontent" with that ruling. (*Id.* at 7) This included several frivolous challenges to the use of the videos on the baseless grounds that they were obtained through stalking, harassment, or intimidation. (*See* Dkt. 57 at 2; Dkt. 78 at 1; Dkt. 97 at 3) After having warned Tolson that sanctions could be imposed for his conduct during discovery, Judge Scoble recommended imposing sanctions on Tolson to compensate BAF for "the unnecessary costs incurred . . . as a result of the Plaintiff's vexatious litigation and abuse of process." (Dkt. 133 at 7-8) Judge Scoble's recommendations were adopted in full and

BAF was directed to submit a document calculating the excess costs and fees incurred due to Tolson's vexatious filings. (Dkt. 138 at 2)

Tolson did not respond to BAF's fee calculation. However, he did file a document titled "Objection to the Court's Request" where he attempted to relitigate several issues already addressed by Judge Scoble including his allegation that the videos were obtained through stalking, harassment, and intimation. (*See* Dkt. 142 at 1) He also sent thumb drives to the Court three separate times with "evidence" allegedly proving those claims. (*See* Dkts. 135, 141, 147) BAF has requested sanctions for these filings as well. (*See* Dkt. 139 at 8-9; Dkt. 144 at 5-6; Dkt. 150 at 6; Dkt. 148 at 8-9) BAF further asked the Court to expressly warn Tolson that failing to comply with the rules or court orders can result in his action being dismissed. (*See e.g.* Dkt. 143 at 3; Dkt. 148 at 9) Since then Tolson has made another filing attempting to relitigate issues which have already been decided. (*See* Dkt. 153)

This order will be the last order in response to a filing by Tolson concerning discovery into his social media posts. Tolson has been warned about his misconduct. (*See* Dkt. 75 at 3) Tolson has already been sanctioned for his frivolous filings (*See* Dkt. 138 at 2) Today, Tolson is being sanctioned for his last four attempts to relitigate his allegation that BAF engaged in stalking, harassment, or intimidation. Further, this order puts Tolson on notice that, if he makes one more filing about discovery into his social media posts, improperly attempts to admit evidence before trial, or disregards a court order, his case will be dismissed.

## I. BAF is awarded $ 40,339.00 in attorney's fees.

The Court adopted Judge Scoble's recommendation to sanction Tolson for his frivolous appeal and vexatious filings. (Dkt. 138) BAF filed a motion for attorney's fees pursuant to that order and submitted an itemized list detailing the time their attorneys spent responding to the appeal and each vexatious filing identified in the order. (Dkt. 143; Dkt. 143-1) BAF calculated that their attorneys spent a total of 158.1 hours responding to Tolson's filings and billed BAF $40,339.00 at rates of $290 or $240 an hour. (*See* Dkt. 143-1) Tolson did not respond to that filing.

BAF's calculation is a reasonable accounting of the excess attorney's fees incurred as a result of Tolson's vexatious litigation. Reasonable fees are normally the "product of reasonable hours times a reasonable rate." *Blum v. Stetson*, 465 U.S. 886, 897 (1984) (discussing fees under § 1988). Reasonable rates tend to be "the prevailing market rates in the relevant community." *Id.* at 895. Here, 158.1 hours is a reasonable amount of time to spend responding to an appeal and five motions. Billing at a rate of $290 or $240 an hour is perfectly reasonable for litigating a maritime injury case in Anchorage.

Therefore, Tolson is ordered to pay BAF $40,339.00 in attorney's fees. Based on Judge Scoble's recommendation, payment is deferred until the resolution of this case. (*See* Dkt. 133 at 8)

## II. Additional sanctions are just and necessary.

Tolson's recent filings have continued the same pattern of misconduct that led to sanctions in the first place. Since the order adopting Judge Scoble's recommendations, Tolson has made five new filings where he alleges BAF stalked, harassed, or intimidated

him and attempted to relitigate an issue that has already been decided. These filings continue a pattern of behavior that lasted for nearly an entire year. For the reasons explained below, the thumb drives that Tolson submitted will be stricken from the record and additional monetary sanctions will be imposed for Tolson's new filings.

**A. Despite being warned, Tolson has persisted in his misconduct.**

**1. Tolson engaged in extensive misconduct before Judge Scoble recommended imposing sanctions.**

After BAF found the videos Tolson posted on social media, Tolson objected to discovery into the posts because they reflected him in an inebriated state and refused to engage with BAF in good faith. (Dkt. 65 at 4; Dkt. 133 at 2) Since Tolson would not engage in good faith, BAF filed a motion to compel. (*See* Dkt. 29) Judge Scoble granted that motion and deemed the material discoverable because "[s]ocial media posts and private messages depicting or reflecting Plaintiff in any way that is consistent or inconsistent with his alleged injuries are [] relevant" when a plaintiff is seeking physical and emotional damages. (Dkt. 65 at 5)

After BAF filed their motion to compel, Tolson filed a motion to exclude the videos, this time alleging that he was being stalked by BAF's lawyers and that the videos were obtained through "retaliation and harassment." (Dkt. 57 at 2) That motion, like Tolson's later filings, referenced the Seaman's Protection Act. (*Id.* at 1, Dkt. 57-1 at 14-15) Judge Scoble denied the motion because he found "no wrongdoing on behalf of BAF" for working diligently to produce evidence to prepare their defense to Tolson's allegations. (Dkt. 74 at 2)

However, Tolson disliked Judge Scoble's ruling and began to pester the Court. First, he filed his own motion to compel discovery without making an attempt to confer with BAF. (Dkt. 75 at 1-2) His motion also failed to identify how BAF's production in response to his requests was incomplete. (*Id.* at 2) Judge Scoble denied the motion and warned Tolson that "failure to abide by the Federal Rules of Civil Procedure, especially those pertaining to discovery, may justify sanctions." (*Id.* at 3)

Instead of heeding that warning, Tolson's persisted in his misconduct. He filed an improper interlocutory appeal to the Ninth Circuit challenging Judge Scoble's ruling on BAF's motion to compel. (*See* Dkt. 78) That appeal was dismissed because discovery orders are not immediately appealable. (*See* Dkt. 90) After filing the appeal, Tolson filed a "Motion for Relief and Request for Fair Adjudication" where he alleged that BAF "engaged in continuous stalking and harassment" and requested "a hearing to determine the admissibility of [his] social media content." (Dkt. 83 at 1, 3) Judge Scoble denied that request explaining that Tolson provided no evidence that his rights were violated and that "[f]ederal seaman's workplace safety laws do not require that an employer simply acquiesce to any and all complaints against them." (Dkt. 92 at 3)

A few months later, Tolson filed a "Motion to Strike Expert Rebuttal" where he alleged that BAF showed experts videos they obtained through stalking and harassment and that the videos were not admissible because they were altered with video effects. (Dkt. 97 at 3) Judge Scoble recommended denying Tolson's motion to strike explaining that the Court already "substantively rejected the bases for relief that he raises now; namely, his errant belief that self-published depictions of him under the influence are not subject to

discovery, and that searching his public social media accounts amounts to stalking." (Dkt. 133 at 2-3) Judge Scoble also recommended imposing sanctions for Tolson's frivolous appeal and his motion to strike. (*Id.* at 8)

**2. Tolson's new filings continue the same misconduct.**

While this Court was reviewing Judge Scoble's recommendations, Tolson sent the first set of thumb drives alleging that they contained more than sixteen videos of "HARASSMENT AND MENTAL ABUSE." (Dkt. 135 at 2) He asked for $100,000 in sanctions for each video that allegedly showed his rights being violated. (*Id.*) Three weeks later, he sent a second set of thumb drives which contained sixteen videos that he alleges show BAF "wanted to stalk, harass, and intimidate" him. (Dkt. 141 at 2) This filing asked for one million dollars in sanctions. (*Id.*) Both filings also included the text of the Seaman's Protection Act. (Dkt. 135 at 1-2; Dkt. 141 at 1-2)

BAF moved to strike these filings arguing that Tolson's allegations of stalking and harassment were already rejected, Tolson was attempting to admit evidence untethered to a motion, hearing, or trial, and because they were not served with the thumb drives. (*See* Dkts. 139, 140, 144, 145) BAF also requested additional sanctions for these filings. (Dkt. 139 at 8-9; Dkt. 144 at 5-6)

About three weeks later, Tolson filed a document he called an "AFFADAVIT OF TRUTH" where he purported to bring a claim against BAF for violating 18 U.S.C. § 241. (Dkt. 147 at 1) In the "Affidavit of Truth," Tolson again alleged that BAF obtained the video of him dancing "BY WAY OF STALKING AND HARASSING" and that the video was not relevant or admissible because it was edited with AI. (*Id.*) Tolson also claimed that

the BAF "MADE A MOCKERY OF THE COURT" by claiming that he was wrestling a dog. (*Id.* at 3) Tolson concluded his "affidavit" by stating that "I HERE BY SAY AND DEMAND THAT THE LAWYER'S FEES BE CANCELED." (*Id.*) This affidavit was sent with thumb drives. This time, however, Tolson claimed that the thumb drives include the videos of him dancing and interacting with the dog. (*Id.* at 1, 3) BAF moved to strike this filing for the same reasons and again requested additional sanctions on Tolson. (*See* Dkt. 150; Dkt. 151)

Six days after that, Tolson filed another document titled "Motion to Strike defendants rebuttals" where he again attempted to relitigate issues that have already been decided by this Court. In this new filing, Tolson asked for the attorney's fees to be canceled because BAF misled the court with their descriptions of videos in the social media posts. (Dkt. 153 at 1) He also alleged that BAF violated his rights because they "got the Judge to make me surrender my social media accounts and violate my personal privacy without warrant," and, yet again, asked for $100,000 for each instance where his rights were allegedly violated. (*Id.* at 1-2)

Most egregiously, Tolson submitted a filing entitled "OBJECTION TO THE COURTS REQUEST," after the Court adopted Judge Scoble's recommendations. In that filing, he attempted to relitigate several issues that have already been decided and reiterated that he believed BAF obtained the videos through stalking and harassment and that they were not admissible evidence. (Dkt. 142 at 1-2) BAF also moved for sanctions for this filing. (*See* Dkt. 148 at 10)

**B. The thumb drives and their associated filings are stricken from the record.**

Tolson is required to abide by the rules even if he is proceeding *pro se*. *King v. Atiyeh*, 814 F. 2d 565, 567 (9th Cir. 1987) *overruled on other grounds in Lacey v. Maricopa Cnty*, 693 F.3d 896 (9th Cir. 2012). He may not deliberately disregard the Federal Rules of Civil Procedure, the District of Alaska's Local Rules, or this Court's orders simply because he is upset with the Court's rulings.

Every single filing Tolson submitted after the Court adopted Judge Scoble's recommendations was improper. First, evidence is not simply sent to a court. It must be admitted during trial or attached as support for a properly filed motion. This was explained to Tolson when he attempted to admit his medical records. (Dkt. 133 at 6) Judge Scoble explained that "the Court is not taking evidence at this time. Should the matter proceed to trial, the finder of fact would consider any admitted evidence." (*Id.*) Tolson ignored this. In his so-called "objection to the Court's request," he asked "what legal authority [this court had] to take vital evidence in my case off the records." (Dkt. 142 at 1)

To make it clear, evidence is not being admitted at this time, and the Court absolutely has the authority to strike improperly filed evidence. Evidence may be introduced at trial in accordance with the Federal Rules of Evidence and the Federal Rules of Civil Procedure. Under those rules, this Court determines whether evidence is admissible. *See* Fed. R. Evid. 103-104. The Court also has inherent authority to strike filings from the record to address abusive conduct. *Ready Transp. Inc. v. AAR Mfg., Inc.,* 627 F.3d 402, 404 (9th Cir. 2010).

Second, these filings simply attempt to relitigate issues that have already been decided. Tolson alleges that the thumb drives show that BAF obtained the videos he posted

on social media through stalking, harassment, and intimidation or that the videos are altered or mischaracterized. The Court addressed their discoverability last October and has dealt with Tolson's filings about that issue multiple times since (*See* Dkt. 65, 74, 75, 133, 138) His discontent with that decision lead to the endless barrage of filings detailed above. Tolson seems to be operating under the impression that he can disregard decisions that he disagrees with. But that is not how this works. This Court's rulings are binding.

The filings at Dockets 135, 141, and 147 are accordingly stricken from the record.[1] The filing at Docket 153 is construed as a motion in limine and DENIED.

**C. Additional Sanctions will be imposed.**

Tolson has already been sanctioned under 28 U.S.C. § 1927 after he "flagrantly violated the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and this Court's directives." (Dkt. 133 at 7; Dkt. 138 at 2) When Judge Scoble recommended imposing sanctions, he found that § 1927's bad-faith requirement was met because Tolson "abused the District of Alaska's process out of sheer discontent that the Court found that Defendants were entitled to certain discovery following the revelation that he had been posting on social media videos arguably reflecting him in a state of health that would go to the extent of any injury calculation." (Dkt. 133 at 7) That finding applies in full to these filings because Tolson has continued the same conduct in response to the same grievance.

[1] BAF also apparently never received the thumb drives that Tolson sent to the Court. (*See* Dkts. 139-1, 144-1, 150-1)

Accordingly, further sanctions are necessary. BAF is directed to file one document which details the costs incurred in responding to Tolson's filings at Dockets 135, 141, 142, and 147. That document shall be filed by October 16, 2026. The standard deadlines in Local Rule 7 apply to the opposition and reply.

BAF shall not respond to the latest filing at Docket 153. Payment will be deferred until the resolution of this case.

## III. Tolson is expressly warned that further misconduct will result in dismissal.

Tolson has now been warned and sanctioned twice for his bad-faith filings. The Court will not tolerate any further misconduct from Tolson. Courts have "the inherent power to control their dockets and may impose sanctions, *including dismissal*, in the exercise of that discretion." *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998). This is particularly true where a litigant has engaged in abusive conduct. *Atchinson, Topeka, and Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998). Additionally, courts may dismiss an action when the plaintiff fails to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). That rule applies to *pro se* litigants like Tolson, and Courts may dismiss their claims for persistent misconduct and noncompliance. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (holding that district courts have the "power to manage their dockets without being subject to [] endless vexatious noncompliance").

It is time for Tolson's misconduct to end. The Court will exercise that power and dismiss this case *with prejudice* if Tolson: makes one more filing challenging BAF's

discovery into his social media posts, attempts to improperly admit any more evidence before trial,[2] or disregards an order from this Court.

This is Tolson's *final warning*.

## IV. CONCLUSION

For the reasons explained above,

- Tolson is ordered to pay BAF $40,399.00 upon the resolution of this case,
- The filings at Dockets 131, 141, and 147 are stricken,
- Additional sanctions are preliminarily granted and BAF is directed to file one document detailing their excess costs for the filings at Dockets 131, 141, 142 and 147 by October 19, 2026. The standard deadlines in Local Rule 7 apply to the opposition and reply.
- The filing at Docket 153 is construed as a motion in limine and **DENIED**.
- Tolson is warned that his case will be dismissed if his misconduct persists.

IT IS SO ORDERED.

DATED October 5, 2026, at Anchorage, Alaska.

/s/ *Aaron Christian Peterson*
Aaron Christian Peterson
United States District Judge

[2] Prior to trial, evidence may be admitted alongside properly filed motions as support. However, discovery has closed and the deadline for pre-trial motions has passed. (*See* Dkt. 73)